**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**UNITED STATES of AMERICA,**

**v.**                                                                 Case No. 4:02cr43

**LEONARD A. HOLMES, Jr.,**

       **Defendant.**

**OPINION & ORDER**

This matter is before the Court on a letter by Defendant concerning property seized by the Government and his restitution, which the Court will construe as a motion for the return of seized property and/or the application of seized property to Defendant's restitution amount. Doc. 13. Defendant inquires whether "the remainder of [his] property" seized by the Government will be returned or, if not, if said property will be credited towards his restitution. Id. Defendant asserts that his restitution balance does not reflect an additional $4,200.00 that was seized. Id.

**I. Factual Background**

On July 9, 2001, Defendant was arrested and was mirandized. Presentence Investigation Report ("PSR") at ¶ 28. Defendant subsequently admitted to creating counterfeit checks with his computer and distributing the checks to various co-conspirators for cashing. Id. After receiving a search warrant, officers searched Defendant's residence and recovered $4,200.00 in U.S. currency, "various papers," and Defendant's computer. Id. at ¶ 29. A check-writing program and evidence of the conspiracy were found on Defendant's computer. Id. at ¶¶ 29 & 30.

Defendant pled guilty to one count of conspiracy to make, possess, and utter counterfeited securities, in violation of 18 U.S.C. § 371. Doc. 8. On January 14, 2004,

Defendant was sentenced to thirty-three (33) months' imprisonment and three (3) years' supervised release. Doc. 11. Defendant was ordered to pay $23,730.59 in restitution in monthly installments of $300.00. Id. Defendant's letter was filed with the Court on April 27, 2005. Doc. 13.

## II. Return of Seized Property

Defendants sentenced to both forfeiture and restitution are not necessarily entitled to offset the restitution with any or part of their forfeiture. See United States v. Alalade, 204 F.3d 536, 539 (4th Cir. 2000) (defendants are not entitled to offset restitution under the Mandatory Victims Restitution Act ("MVRA") with fraud proceeds administratively forfeited). While the Government may allow a Defendant to apply forfeited property to offset his restitution amount, the MVRA precludes the Court from ordering the Government to do so, at least when forfeited property has not been provided to the victims of the Defendant's crime. See id. at 540-41 (citing 18 U.S.C. § 3664(a), (f)(1)(A) & (f)(1)(B)); id. at 541 n.5 ("we need not decide, and we express no opinion on, the effect upon the district court's calculation of the full amount of a victim's loss under the MVRA when the victim receives property or cash . . . seized by the government in administrative forfeiture in connection with the case."). See also 18 U.S.C. § 981(e)(6) (providing, in pertinent part, that the Attorney General "is authorized . . . to transfer [forfeited] property on such terms and conditions as he may determine.").

## III. Application

Defendant pled guilty to an offense that required mandatory restitution. See 18 U.S.C. § 3663A(a)(1) & (c)(1)(a)(ii). Defendant asserts that two computers have already been returned to him and asks for the return of the "remainder of his property." Doc. 13. Defendant argues that

$4,200.00 should be deducted from his restitution balance "because this was seized . . . and the detective mentioned to [Defendant] prior to [Defendant's] January 2004 sentencing that the $4,200.00 would [be applied to Defendant's] restitution." Id.

Regardless of the statements allegedly made to Defendant by a detective on the case, the Government has not chosen to remit the forfeited property to the victims of Defendant's crime. The Government is within its discretion not to do so. See Alalade, 204 F.3d at 539; United States v. O'Connor, 321 F. Supp. 2d 722, 729 (E.D. Va. 2004) ("a defendant generally has no right or entitlement to use forfeited funds to satisfy an additional restitution obligation.").

The Defendant does not identify the "remainder of his property" allegedly still in the Government's possession. Doc. 13. In response, the Government states that, other than the $4,200.00 in currency, "all other property seized from the Defendant's residence in July 2001 was returned to Defendant's father, Leonard Holmes, Sr., on March 19, 2004 . . . . in compliance with the instructions and written authorization of the Defendant." Doc. 15 at 5; see id. at Ex. B (letter from Secret Service stating that only the $4,200.00 in currency was seized for forfeiture); id. at Ex. E (Defendant's written authorization for his parents to receive seized property); and id. at Ex. F (March 19, 2004, Secret Service record of computer equipment returned to Defendant's father).

### IV. Conclusion

For the reasons stated herein, the Court **FINDS** that Defendant is not entitled to offset his restitution amount by the $4,200.00 forfeited to the Government. The Court further **FINDS** that Defendant has failed to show that any other property, to which he is entitled, remains in the possession of the Government.

Defendant's motion by letter, Doc. 13, is therefore **DENIED**.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to Defendant and counsel of record for the United States.

Defendant is **ADVISED** that he may appeal this Opinion and Order by forwarding a written notice of appeal to the Clerk, United States District Court, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Opinion and Order. If Defendant wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

It is so **ORDERED**.

/s/
HENRY COKE MORGAN, JR.
UNITED STATES SENIOR DISTRICT JUDGE

Norfolk, Virginia
September 18, 2006